■ ALBERT W. HARRINGTON, as Assignee of UNITED APPLE SALES, INC., Respondent, v. NORCO FRUIT DISTRIBUTORS, INC., et al., Defendants, and E. F. HUTTON & COMPANY, INC., Appellant. E. F. HUTTON & COMPANY, INC., Appellant, v. UNITED APPLE SALES, INC., Respondent.— The appeals herein were reinstated on the claim of respondent's counsel that he had not been served with appellant's points (N. Y. L. J. Sept. 15, 1972, p. 2, col. 1). On reconsideration we adhere to our original determinations. [In the first above-entitled action.] Order, Supreme Court, New York County, entered on February 1, 1972, denying motion pursuant to CPLR 3211 to dismiss the complaint, unanimously reversed, on the law, the motion granted, the complaint dismissed and the action severed as to defendant-appellant. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Neither the complaint nor the opposing affidavit set forth facts in support of the conclusory allegations of the complaint. Defendant-appellant, as broker in the transaction, was under no obligation except as provided in section 7–507 of the Uniform Commercial Code. Plaintiff has not submitted evidence of knowledge of any fact on the part of the appellant impairing the validity or worth of the commodities contracts for future delivery here involved. (*Indig* v. *Finkelstein,* 23 N Y 2d 728; *Aetna Ins. Co.* v. *Allstate Co.,* 33 A D 2d 551.) [In the second above-entitled action.] Order, Supreme Court, New York County, entered on February 1, 1972, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and the motion granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal. Defendant-respondent issued its check dated May 24, 1971 for $25,000 on account of the purchase of commodities contracts. Prior thereto defendant had paid approximately $82,000 thereon. The defendant stopped payment on the $25,000 check. Plaintiff was acting as broker. Defendant has failed to factually justify its failure to pay said sum. Reliance on the conclusory allegations in the complaint and affidavit of the attorney in action No. 1 are insufficient in that they fail to supply facts in support of the alleged fraud. (*Harrington* v. *Norco Fruit Distrs.,* 39 A D 2d 872; *Hutton & Co.* v. *United Apple Sales,* 39 A D 2d 873.) Concur — Stevens, P. J., McGivern, Kupferman, Murphy and McNally, JJ.